UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07101
973-645-3827

June 7, 2005

## LETTER-OPINION AND ORDER
## ORIGINAL FILED WITH CLERK OF THE COURT

Glenn Morris
52 Gales Avenue
Apt. 1A
Montclair, NJ 07042

Raymond G. Heineman, Esq.
Kroll Heineman Giblin
99 Wood Avenue South
Suite 307
Iselin, NJ 08830

      Re:    Glenn Morris v. Ironworkers Local 45
                Civil No. 05-2299
                Hon. William J. Martini, U.S.D.J.

Dear Counsel:

## INTRODUCTION

This matter comes before me on plaintiff's motion to remand this civil action to the Superior Court of New Jersey, Law Division, Essex County. This matter was referred to me by Judge Martini. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND / PROCEDURAL HISTORY

This action was commenced on February 15, 2005, with the filing of a Complaint in the

Superior Court.  Plaintiff Glenn Morris was employed in the Ironworker's Apprenticeship Program, which is governed by the District Council of Northern New Jersey Ironwork Training Program ("Program").  Defendants Ironworkers Local 45 ("Local 45") represented plaintiff during his apprenticeship pursuant to a collective bargaining agreement between Local 45 and the Program.  On August 8, 2003, plaintiff filed charges of race discrimination, age discrimination, and retaliation against Local 45 stemming from his being laid off of a construction site on January 25, 2003.  After investigation by the Joint Apprenticeship Committee of the Ironworkers District Council of Northern New Jersey ("JAC"), it was determined that the claims lacked merit.  This information was conveyed to plaintiff in a July 10, 2003 letter.  In a September 5, 2003 letter, the Program's coordinator, Mr. Ronald Repmann, informed plaintiff that he had received negative job evaluations.  These negative evaluations were a breach of his apprenticeship agreement and, as a result, plaintiff was terminated from the program.

Plaintiff alleges that his termination is predicated on racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended.   Defendants  were served with the Complaint on April 12, 2005.  Defendants filed a Notice of Removal on April 28, 2005.  On May 3, 2005, plaintiff filed a Motion to Remand, arguing that the Notice of Removal was "tainted with controversy."  Plaintiff's Brief in Opposition at 2.  Defendants filed an Amended Notice of Removal on May 4, 2005, conceding their original notice contained typographical errors.  On May 19, 2005, plaintiff filed another motion to remand, arguing that the Amended Notice of Removal was procedurally defective.  He also asked the Court to impose sanctions.

**DISCUSSION**

Removal statutes should be strictly construed and any doubts resolved in favor of remand. See Weinstein v. Paul Revere Ins. Co., 15 F. Supp.2d 552, 555 (D.N.J. 1998). Only those actions that could have originally been brought in federal court may be removed. See 28 U.S.C. § 1441; Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). If it appears at any time before final judgment that an action was not properly removed, the federal court must remand it to the State court from which the action was removed. See 28 U.S.C. § 1447©). The burden of establishing the existence of subject matter jurisdiction falls on the removing party. See Boyer v. Snap-on Tool Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

In Caterpillar v. Williams, 482 U.S. 386 (1987), the Supreme Court discussed removal under § 1441(a):

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provided that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint ***. The Rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. [482 U.S. at 392 (footnotes and citations omitted)].

There is federal question jurisdiction in this action. The Complaint asserts violations of both Title VII and the ADEA. Thus, as long as the Notice of Removal was timely, removal was proper under 28 U.S.C. § 1441.

Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." Here, the Notice of Removal was clearly

filed within the thirty-day period of § 1446(b).  The Notice also explicitly stated that the ground for removal was federal question jurisdiction.  The plaintiff's motion to remand, filed in accordance with 28 U.S.C. § 1447©), highlighted typographical errors in the Notice.  Defendants then filed the Amended Notice of Removal on May 4, 2005.  This Amended Notice was still within the original thirty-day period of § 1446(b).  Contrary to plaintiff's argument, such an amendment is freely allowed by § 1446(b) prior to the expiration of the thirty-day period.  See 14B Wright, Miller & Cooper, Federal Practice and Procedure, § 3733 at 357 (3d ed. 1998); Richardson v. United Steelworkers of Am., 864 F.2d 1162, 1165 (5th Cir. 1989), cert. denied 495 U.S. 946 (1990).

     Plaintiff argues that the typographical errors render the Notice ineffective.  However, the typographical errors do not require remand.  Technical defects within a removal petition are not fatal.  See Michaels v. N.J., 955 F.Supp. 315, 321-22 (D.N.J. 1996).  Such defects are not jurisdictional in nature and do not affect the ability of removal under 28 U.S.C. § 1441.  See Michaels, 955 F.Supp. at 321.  Subject matter jurisdiction exists.  To allow typographical errors to force a remand would "punish [defendants] for what is, after all, a technicality that does not go to the heart of jurisdiction."  Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993).  Such a harsh penalty is not warranted.

     Plaintiff has also asked the Court to impose appropriate sanctions because of the typographical errors.  Sanctions for misrepresentations are governed by Rule 11.  It states in pertinent part:

> (b) By presenting to the court (. . .) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances,

>(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>(3) the allegations and other factual contentions have evidentiary support or, if specially so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

The Amended Notice of Removal does not violate Rule 11(b).  Without any violative conduct under (b), sanctions would be improper.  See Rule 11©).  Even assuming there was conduct that violated Rule 11(b), sanctions would remain inappropriate.  The "central purpose of Rule 11 is to deter baseless filings in district court."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).  Sanctions should only be awarded in the "'exceptional circumstance', where a claim or motion is patently unmeritorious or frivolous."  Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988).  There are no such circumstances here.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for remand and sanctions is DENIED.

SO ORDERED.


                                    s/Ronald J. Hedges
                                    Ronald J. Hedges
                                    United States Magistrate Judge


CC: Judge William J. Martini